Alexander Darr
Darr@Darr.Law
DARR LAW LLC
1391 W. 5th Ave., Ste. 313
Columbus, OH 43212
Phone: 312.857.3277
Darr@Darr.Law

Attorney for Plaintiff John Fralish

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN FRALISH, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BANK OF AMERICA, N.A., and DOES 1-100, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff John Fralish, individually and on behalf of all others similarly situated, alleges as follows:

## Introduction

1. Plaintiff brings this action against Defendant Bank of America, N.A. ("BANA" or "Defendant") for violating the Equal Credit Opportunity Act (the "ECOA"), 15 U.S.C. § 1691 *et seq*. The ECOA entitles credit applicants against whom adverse action is taken to a notice that includes, *inter alia*, a statement of reasons for such action from the creditor. 15 U.S.C. § 1691(d). To satisfy this mandate, a creditor must provide a written notice that includes the specific reasons for the adverse action or states that the applicant has the right to a statement of reasons. 15 U.S.C. § 1691(d)(2) and (3).

2. Defendant took an adverse action against Plaintiff by closing his credit card account, but failed to provide them with the requisite written notice.

3. The allegations herein that relate to Plaintiff's personal actions are made based on Plaintiff's personal knowledge. The balance are made on information and belief based on the investigation of counsel.

## Parties

4. Plaintiff John Fralish is, and at all relevant times was, a citizen of St Joseph County, Indiana.

5. Defendant Bank of America, N.A. is a national bank with its main office located in Charlotte, North Carolina. Defendant provides banking services to consumers throughout Indiana and the United States. Defendant also has bank branch locations in Indiana.

6. Plaintiff is unaware of the true identities of those Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues such Defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the injuries alleged by Plaintiff. Plaintiff will seek leave of Court

to amend this Complaint to show the true names and capacities of the fictitiously named Defendants if and when they have been ascertained.

## Jurisdiction

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the Complaint alleges a federal claim against Defendant for violation of the ECOA.

8. This Court has personal jurisdiction over Defendant because Defendant provided banking services to Plaintiff in Indiana.

## Venue

9. Venue lies here pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district. Among other things, Plaintiff resides in St. Joseph County, Plaintiff requested or received an extension of credit from Defendant in St. Joseph County, Defendant failed to provide Plaintiff with the requisite adverse action notice in St. Joseph County, and Plaintiff suffered harm in St. Joseph County.

## Intradistrict Assignment

10. This action arises in the County of St. Joseph, and so divisional venue is appropriate the Northern District and the South Bend Division. *See* 28 U.S.C. § 94(a)(2).

## General Allegations

11. Originally enacted in 1974 to prohibit discrimination in credit transactions, the ECOA was amended in 1976 to require creditors to provide applicants with written notice when adverse action was taken against them regarding their credit. The notice requirement is intended to discourage discriminatory practices, provide consumers with a "valuable educational benefit," and allow for the correction of errors "where the creditor may have acted on misinformation or inadequate information." *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 576 (6th Cir. 2016) (quoting *S. Rep.* No. 94–589, at 4 (1976)).

12. The ECOA authorizes the Consumer Financial Protection Bureau ("CFPB") to issue regulations "to carry out the [ECOA's] purposes." 15 U.S.C. § 1691b(a). Under this authority, the CFPB issued regulations that are collectively known as Regulation B. 12 C.F.R. § 1002.1(a).

13. The adverse action notice requirement is set forth at 15 U.S.C. § 1691(d), which provides in relevant part:

> (2) Each applicant [for credit] against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>
> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

14. Regulation B provides that "a creditor shall notify an applicant of action taken within: … (iii) 30 days after taking adverse action on an existing account…." 12 C.F.R. § 1002.9(a)(1).

15. The notice must include "a statement of specific reasons for the action taken" or "a disclosure of the applicant's right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification." 12 C.F.R. § 1002.9(a)(2).

16. Regulation B defines "applicant" as "any person who requests or who has received an extension of credit from a creditor…." 12 C.F.R. § 1002.2(e). Plaintiff had a credit card account with Defendant, so Plaintiff is an "applicant."

17. Regulation B defines "creditor" as "a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit." 12 C.F.R. § 1002.2(l). Because Defendant regularly participates in credit decisions, including

4

setting the terms of credit, in the ordinary course of business, Defendant is a "creditor."

18. Regulation B defines "adverse action" as:

(i) A refusal to grant credit in substantially the amount or on substantially the terms requested in an application unless the creditor makes a counteroffer (to grant credit in a different amount or on other terms) and the applicant uses or expressly accepts the credit offered;

(ii) A termination of an account or an unfavorable change in the terms of an account that does not affect all or substantially all of a class of the creditor's accounts; or

(iii) A refusal to increase the amount of credit available to an applicant who has made an application for an increase.

12 C.F.R. § 1002.2(c)(1). Regulation B also excludes several actions from the definition

of "adverse action." 12 C.F.R. § 1002.2(c)(2).

19. Defendant terminated Plaintiff's credit card account in or about May 2015. Defendant's conduct is not excluded from the definition of "adverse action" under 12 C.F.R. § 1002.2(c)(2). Defendant thus took an "adverse action" against Plaintiff.

20. On or around May 27, 2015, Defendant sent a letter to Plaintiff regarding the termination of Plaintiff's credit card account. A copy of the letter Plaintiff received is attached hereto as Exhibit A. This letter does not include a "statement of specific reasons for the action taken" or "a disclosure of the applicant's right to a statement of specific reasons."

21. Rather than include a "statement of specific reasons for the action taken," Exhibit A states that Defendant has closed Claimant's account "in accordance with your Credit Card Agreement, which permits . . . us to terminate the account at any time." There is no reason for the adverse action in the notice letter.

22. Likewise, Exhibit A does not include a disclosure of Plaintiff's "right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification." "The disclosure shall include the name, address, and telephone number of the person or office from which the statement of reasons can be obtained." 12 C.F.R. § 1002.9(a)(2). The disclosure is also required to provide "the applicant's right to a statement of

specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification." *Id*. Exhibit A lacks any such disclosure.

23. Defendant's violation of the ECOA denied Plaintiff the "pervasive and valuable educational benefit" that Congress found would come from knowing the reasons for Defendant's adverse action.

24. In failing to provide Plaintiff with the requisite written notice, Defendant acted in reckless disregard of the ECOA because the statute and Regulation B unambiguously required Defendant to provide Plaintiff with a compliant adverse action notice.

**First Claim for Violation of the ECOA's Notice Requirement**
**(15 U.S.C. § 1691(d))**

25. Plaintiff incorporates the foregoing paragraphs as though repeated here.

26. Plaintiff is an "applicant" under 12 C.F.R. § 1002.2(e) because he received an extension of credit from Defendant.

27. Defendant is a "creditor" under 12 C.F.R. § 1002.2(e) because it regularly participates in credit decisions, including setting the terms of credit, in the ordinary course of business.

28. Plaintiff had an "adverse action" taken against him by Defendant under 12 C.F.R. § 1002.2(c) in that Defendant terminated Plaintiff's credit card account.

29. Defendant violated the EOCA by failing to provide Plaintiff with a notice of adverse action as required by 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.9 within 30 days terminating their credit card accounts.

30. Plaintiff, having suffered a violation of the ECOA and having been deprived of the valuable educational benefits Congress intended ECOA's notice requirement to confer, is an "aggrieved applicant" under 15 U.S.C. § 1691e.

31. In committing the ECOA violations alleged herein, Defendant acted in reckless disregard of the ECOA, warranting imposition of punitive damages against Defendant under 15 U.S.C. § 1691e(b).

## **Prayer for Relief**

WHEREFORE, Plaintiff, individually and on behalf of the class, prays for judgment as follows:

1. For punitive damages of up to $10,000 pursuant to 15 U.S.C. § 1691e(b) in an amount to be proven at trial;

2. For injunctive relief halting Defendant's unlawful practices pursuant to 15 U.S.C. § 1691e(c);

3. For attorneys' fees and costs of suit pursuant to applicable law including, without limitation, 15 U.S.C. § 1691e(d); and

4. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

DARR LAW LLC

DATED:  May 26, 2020

By:   */s/ Alexander Darr*
         Attorney for Plaintiff
         John Fralish





www.bankofamerica.com

LL 0530     734 148        16723 #@01 MB 0.435
JOHN FRALISH
59590 IRELAND TRL
MISHAWAKA IN 46544-6477

May 27, 2015

Regarding account number ending in: 7012

Dear John Fralish:

This letter is to advise you that your above referenced account has been closed in accordance with your Credit Card Agreement, which permits either you or us to terminate the account at any time.

We will no longer authorize any further transactions or approve any pending access checks, balance transfers or direct deposit requests. You are still obligated under the terms of your Credit Card Agreement as to any balance that may still be outstanding and you may either pay it in full immediately or continue to make payments as permitted under the Credit Card Agreement until the balance is paid in full.

If you have any questions regarding your account, please call us toll-free at 1.855.241.4049.

Sincerely,

Card Services

### EQUAL CREDIT OPPORTUNITY ACT NOTICE

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with the law concerning Bank of America, N.A., 100 N. Tryon Street, Charlotte, NC 28255, is the Bureau of Consumer Financial Protection, 1700 G Street NW, Washington DC 20006.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial of all issues, claims, and causes of action so triable.

RESPECTFULLY SUBMITTED,

DARR LAW LLC

DATED:  May 26, 2020

By:  */s/ Alexander Darr*
Attorney for Plaintiff
John Fralish