UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN FRALISH, | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
|     v. | )   Cause No. 3:20-CV-418 RLM-MGG |
| | ) |
| BANK OF AMERICA, N.A., *et al.*, | ) |
| | ) |
|     *Defendants* | ) |

OPINION AND ORDER

John Fralish filed suit against Bank of America under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, alleging that the Bank violated the ECOA's notice requirements, 15 U.S.C. § 1691(d) when it closed his credit card account without providing an ECOA-compliant notice of adverse action. Bank of America moved for judgment on the pleadings, under Fed. R. Civ. P. 12(c), contending that Mr. Fralish doesn't have standing to sue under the ECOA because he wasn't an "applicant" within the plain meaning of the statute, and. For the following reasons, the court grants the Bank's motion in part, but dismisses Mr. Fralish's complaint without prejudice under Fed. R. Civ. P. 12(b)(6).

"A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings [the complaint, the answers, and any exhibits thereto or matters incorporated by

reference therein], and any facts of which the [] court will take judicial notice." 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.); *see also* Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452–453 (7th Cir.1998); Friedman v. Washburn Co., 145 F.2d 715 (7th Cir. 1944). It is governed by the same standard as motions to dismiss under Rule 12(b)(6). Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007); Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). The court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor, without engaging in fact-finding. Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010); Stakowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir. 2005).

The Equal Credit Opportunity Act was enacted in 1974 to prohibit discrimination "against any applicant, with respect to any aspect of a credit transactions", and was amended two years later to require creditors to provide written notice to applicants, if they take adverse action on the application. *See* Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 975 (7th Cir. 2004); 15 U.S.C. § 1691(a) and (d). The statute defines an applicant as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit", 15 U.S.C. § 1691a(b), and provides that:

2

**(d) Reason for adverse action; procedure applicable; "adverse action"**

(1) Within thirty days (or such longer reasonable time as specified in regulations of the Bureau for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.

(2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—

> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or

> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.

(3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken...

\*\*\*

(6) For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

15 U.S.C. § 1691(d)(1)-(3) and (6).

To state a plausible claim under § 1691(d), Mr. Fralish show that:

> (1) Bank of America is a "creditor";

3

>   (2) Mr. Fralish is an "applicant";
>
>   (3) The Bank took adverse action with respect to his application for credit; and
>
>   (4) The Bank failed to provide Mr. Fralish with a notification that complied with the ECOA.

Stoyanovich v. Fine Art Capital, LLC, No. 06 Civ. 13158 (SHS), 2007 WL 2363656, at *2 (S.D. N.Y. Aug 17, 2017); Moffitt v. Bank of America, N.A., No. 1:09-cv-977-WTL-JMS, 2009 WL 5217147, at *2 (S.D. Ind. Dec. 29, 2009); 15 U.S.C. § 1691(d)(1)-(3).

Mr. Fralish alleges that the ECOA's implementing regulations (known as Regulation B) are entitled to deference, *see* Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 975 n.3 (7th Cir. 2004), and that he is an "applicant" under the regulatory definition of the term, 12 C.F.R. § 1002.2(e), which defines "applicant" as any person "who requests or who has received an extension of credit from a creditor," 12 C.F.R. § 1002.2(e), giving him standing to bring a claim for a violation of the ECOA's notice provision. *See*, *i.e.*, RL BB Acquisition, LLC v. Bridgemill Commons Development Group, LLC, 754 F.3d 380, 384-386 (6th Cir. 2014) (holding that the ECOA's definition of "applicant" is ambiguous with respect to guarantors, that the Regulation B definition "constitutes a valid construction of the statutory definition of that term", and that a guarantor falls within the regulatory definition); Powell v. Pentagon Federal

4

Credit Union, No. 10CV785, 2010 WL 3732195, at *4–5 (N.D. Ill. Sep. 17, 2010) (finding that the ECOA's implementing regulations were entitled to deference and that the plaintiff, an existing credit account holder, fell within the regulatory definition of "applicant" because he "received an extension of credit from a creditor).

But the regulatory definition is entitled to deference under Chevron U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837 (1984), only if the statute is ambiguous or silent on the issue presented, and "the agency's answer is based on a permissible construction of the statute." Id. at 843. Bank of America contends that the statute isn't ambiguous and "unmistakably provides that a person is an applicant only if she [or he] requests credit," Hawkins v. Community Bank of Raymore, 761 F.3d 937, 941 (8th Cir. 2014), *aff'd by an equally divided court*, __ U.S. __ , 136 S.Ct. 1072, 194 L.Ed.2d 163 (2016); *see also* Alexander v. AmeriPro Funding, Inc., 848 F.3d 698, 707 (5th Cir. 2017) (inquirers not "applicants" within the plain meaning of the statute); Regions Bank v. Legal Outsource PA, 936 F.3d 1184, 1190 (11th Cir. 2019) (agreeing with Hawkins and Moran); Moran Foods, Inc. v. Mid-Atlantic Development Co., 476 F.3d 436, 441 (7th Cir. 2007) ("[T]here is nothing ambiguous about 'applicant, and no way to confuse an applicant with a guarantor."), and that existing account holders who haven't alleged that they applied for an extension, renewal, or continuation of credit during the time frame the alleged violation occurred aren't "applicants" as

5

the statute defines the term. *See* Tewinkle v. Capital One, N.A., No. 19-CV-1002-V, 2019 WL 8918731, at *5 (W.D.N.Y. Dec. 11, 2019), *report and recommendation adopted*, 19-CV-1002-JLS-HBS, 2020 WL 2812519 (W.D.N.Y. May 29, 2020); Stefanowicz v. SunTrust Mortgage, 2017 WL 1103183, at *8 (M.D. Pa. Jan. 9, 2017), *report and recommendation adopted*, 2017 WL 1079163 (M.D. Pa. Mar. 22, 2017), *aff'd* 765 F.App'x 766 (3rd Cir. 2019); Gorham-DiMaggio v. Countrywide Home Loans, Inc., 592 F.Supp.2d 283, 291 (N.D.N.Y. 2008), aff'd 421 F.App'x 97 (2d Cir. 2011).

The vast majority of courts that have addressed the issue have found that the statutory definition of "applicant" is not ambiguous, and that existing account holders, like Mr. Fralish, aren't "applicants" within the plain meaning of the ECOA because they weren't applying for an extension, renewal, or continuation of his existing credit when the alleged violation (in this case the alleged failure to provide the notice of adverse action required under the statute) occurred, and don't have standing to bring a claim under the ECOA's notice provisions. The court finds the reasoning of those cases persuasive.

The complaint doesn't state when Mr. Fralish applied for an extension of credit from Bank of America or allege that he was applying for an extension, renewal, or continuation of credit when Bank of America closed his account, but the court can't foreclose the possibility that he may be able to amend his complaint to state a plausible claim for relief. Accordingly, the court construes the

6

Bank's motion [Doc. No. 33] as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief can be granted, GRANTS that motion, and gives Mr. Fralish fourteen days in which to file an amended complaint, if he can do so consistently with this order. If no amended complaint is filed, the clerk shall enter a dismissal with prejudice.

    SO ORDERED.

    ENTERED:   September 29, 2021

                                     /s/ Robert L. Miller, Jr.
                                    Judge
                                    United States District Court